NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANCESCA, *et al.*, | : | |
| Plaintiffs, | : | **Hon. Dennis M. Cavanaugh** |
| v. | : | **OPINION** |
| ATANASIO, *et al.*, | : | Civil Action No. 09-cv-1774 (DMC) |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiffs' complaint, filed April 14, 2009. This Court has an obligation to address issues of subject matter jurisdiction *sua sponte*, Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 905 F.2d 42, 45 (3d Cir. 1990), and in doing so, determines that jurisdiction under 28 U.S.C. §§ 1331, 1338 and/or 28 U.S.C. §§ 1332 is lacking.

### FACTS

Antonio Francesca and Wayne Chesler ("Plaintiffs") were the owners, individually and jointly, of a number of copyrighted works. Plaintiffs entered into a business agreement with Defendant John Atanasio to raise capital and produce films based upon their copyrighted works. In furtherance of the business venture, they created Benevento Films, a Delaware limited liability company ("Benevento Films DE") in which all three individuals received ownership interests in varying percentages. Plaintiffs' primary contribution to the company was their intellectual property, while Atanasio's role was to market and raise capital for the projects. Later, Atanasio registered another company named Benevento Films

as an LLC in New Jersey ("Benevento Films NJ").

Plaintiffs allege that Atanasio made affirmative misrepresentations as to potential business opportunities, and breached various fiduciary duties. On April 14, 2009 Plaintiffs brought this suit against Atanasio and the two Benevento Film companies (collectively, "Defendants"). Plaintiffs seek a variety of relief, including: rescission of the business agreement, declaratory relief regarding the ownership of the copyrighted works, an order enjoining the Defendant from transferring any of Plaintiffs' assets currently in his possession, as well as compensatory, consequential and incidental damages.[1]

On August 21, 2009, this Court ordered Defendant Atanasio to retain counsel for Benevento Films DE and Benevento Films NJ, as companies must be represented by counsel in all legal proceedings. Upon review of the parties' submissions, however, the Court has determined that the complaint must be dismissed as it fails to adequately plead a basis for jurisdiction.

## DISCUSSION

Although Plaintiffs contend that this action is properly before the Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1332, 1338, the complaint does not adequately plead subject matter jurisdiction. Plaintiffs' assertions regarding federal question and diversity jurisdiction are discussed in turn.

### A. Federal Question Jurisdiction - 28 U.S.C. §§ 1331, 1338

Under 28 U.S.C. § 1331 federal district courts have been granted jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Further, federal courts have

---

[1] Plaintiffs assert claims for (1) declaratory relief for rescission of contract, (2) declaratory relief to quiet title in any copyrighted works transferred to Benevento Films LLC, (3) declaratory relief as to the rightful owner(s) of the copyrighted works, (4) anticipatory breach of contract, (5) breach of contract, (6) breach of the covenant of good faith and fair dealing, (7) unjust enrichment, (8) conversion, (9) fraud, (10) negligent misrepresentation, (11) tortious interference with business interests, (12) tortious interference with prospective economic advantage, (13) trespass, (14) creation of a constructive trust, (15) breach of fiduciary duty, (16) breach of duty of loyalty, and (17) self-dealing.

specifically been granted exclusive jurisdiction over "any civil action arising under any Act of Congress relating to patents . . . [or] copyrights."  28 U.S.C. § 1338(a).

Plaintiffs contend that federal question jurisdiction is appropriate here, because, as asserted in their complaint, this case

> involves federal copyright as well as registrations under the Writers Guild of America, East, and by virtue of plaintiffs seeking a Declaratory Judgement affirming their rights under law to retain the copyrights to those certain written works which they authored and seeking to affirm their retention of their copyrights in those written works as well as rescission of the purported assignment agreement, in addition to all rights granted under Title 17, United States Code, §§ 101 *et seq*.

Plaintiffs' Complaint, ¶ 6.

The claims asserted by Plaintiffs, however, do not "arise under" federal copyright law.  See Duncan v. Stuetzle, 76 F.3d 1480, 1485-86 (9th Cir. 1996); Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808-09 & n.2 (1988).  Instead, Plaintiffs' action arises under state law–it simply happens to involve the transfer of title to certain copyrights.  The mere fact that a controversy relates to "patent or copyright [rights] does not give rise to federal jurisdiction." Muse v. Mellin, 212 F. Supp. 315, 316 (S.D.N.Y. 1962), aff'd 339 F.2d 888 (2d Cir. 1964) ("[T]he word 'copyright' is not so compelling as to invoke federal jurisdiction upon its mere mention."); see also Borden v. Katzman, 881 F.2d 1035, 1038 (11th Cir. 1989) ("Contract questions that depend upon common law or equitable principles belong in state court even if they involve copyrights."); Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F.2d 1191, 1194 (7th Cir. 1987) ("[A] dispute over the terms of a copyright license is not deemed to arise under the Copyright Act"); Dolch v. United California Bank, 702 F.2d 178, 180 (9th Cir. 1983) ("Contract questions that depend on common law or equitable principles belong in state court.").  The claims asserted by Plaintiffs are grounded in state law, and do not invoke federal question jurisdiction.

Plaintiffs' complaint does not state a basis for jurisdiction under 28 U.S.C. §§ 1331, 1338.

### B. Diversity Jurisdiction - 28 U.S.C. § 1332

Under 28 U.S.C. § 1332, federal courts "have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Plaintiffs assert that this Court has jurisdiction because "the amount in controversy exceeds $75,000 exclusive of interest[] and costs [and] plaintiffs and defendants are citizens of different States." Plaintiffs' Complaint, ¶ 6. Plaintiffs appear to base this contention upon the fact that Plaintiffs Francesca and Chesler, who reside in New Jersey and New York, are bringing suit against Atanasio who allegedly resided in Pennsylvania at the time of the filing of this suit. Plaintiffs' complaint, however, fails to properly plead a basis for diversity jurisdiction, because "[a]n allegation . . . as to where a party resides, is licensed, or has a place of business–as opposed to is a citizen or is domiciled–will not properly invoke the Court's jurisdiction." Lincoln Nat'l Life Ins. Co. v. Balyasnaya J. Life Ins. Trust, 2009 U.S. Dist. LEXIS 4677 at *2-3 (D.N.J., January 23, 2009) (citing Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008) and Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970)) (emphasis added); Shrimp v. Craftmaster Mfg., Inc., 2009 U.S. Dist. LEXIS 27334 at *2-3 (M.D. Pa. March 31, 2009) ("Plaintiff fails to adequately plead his own state of citizenship [because he merely] states that he 'is an adult individual residing' at a Pennsylvania address[, and i]t is well established that the term 'citizenship' is not synonymous with 'resident.'"); Pa. House, Inc. v. Barrett, 760 F. Supp. 439, 449 (M.D. Pa. 1991). Plaintiffs' pleadings allege only the residency of the parties, and are thus insufficient to establish diversity jurisdiction in this Court.

Insufficiently pleading the grounds for diversity jurisdiction warrants dismissal, as it is well-

established that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320-21 (3d Cir. 2006) (quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1206, at 78-79 (1969 & Supp. 2005)) (citations omitted).  This requirement notwithstanding, the Court notes that even if it were to use the parties' alleged states of residency to determine citizenship for jurisdictional purposes, diversity jurisdiction would still be lacking. Plaintiffs' statement that "plaintiffs and defendants are citizens of different States" is incorrect, even assuming that Francesca, Chesler and Atanasio are citizens of New Jersey, New York, and Pennsylvania, respectively. See Plaintiffs' Complaint, ¶¶ 1-6.  Plaintiffs' assertion of diversity jurisdiction fails to account for the citizenship of Defendant Benevento Films DE, an LLC.  For jurisdictional purposes, LLCs are treated as citizens of every state in which one of their members is a citizen–i.e., Benevento Films DE is a citizen of New York, New Jersey and Pennsylvania.[2]  See Kimberly-Clark PA, LLC v. Delaware County, 527 F. Supp. 2d 430, 432-33 (E.D. Pa. 2007) (stating that although neither the Supreme Court nor the Third Circuit have specifically ruled on this issue, all Circuit Courts that have addressed the issue have concluded that an LLC is a partnership for diversity purposes and the citizenship of an LLC is determined by the citizenship of all of its members) (citations omitted); see also Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990).  As such, Defendant Benevento Films DE shares New Jersey and New York citizenship with the Plaintiffs, and there is not complete diversity between the parties.  See Exxon Mobil Corp. v. Allapattah Serices, Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same state as a single defendant deprives the district court of original diversity

---

[2] The Court, again, notes that this assessment is premised on the assumption that the parties' states of citizenship would be the same as the alleged states of residency.

jurisdiction over the entire action.").

Plaintiffs' complaint has failed to allege complete diversity of citizenship and this Court does not have jurisdiction pursuant to § 1332.

## **CONCLUSION**

Plaintiffs have failed to plead facts sufficient to establish this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 or 28 U.S.C. § 1332, and the complaint must be dismissed for lack of subject matter jurisdiction.

    S/   Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        October   13  , 2009
Original:    Clerk's Office
cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File